LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs,*
*FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CHELSEA COLOMBO, *on behalf of herself and the Class,*

        Plaintiffs,

        v.

UKW HOLDING COMPANY, UKW FRANCHISING COMPANY, LLC, UKW DISTRIBUTION CENTER, LLC, WAX MANUFACTURING LLC, NYC WAXING, LLC UPPERWESTSIDE WAXING, INC. UPPER EASTSIDE WAXING, LLC, BOWERY WAXING LLC, ABC CORPORATIONS 1-12, OZZIE GRUPENMAGER, NOEMI GRUPERNMAGER, JON MARJO, AND CLIFF MARJI

        Defendants.

Case No.: 1:19-cv-11015-JMF

**AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff CHELSEA COLOMBO ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against ABC CORPORATION 1, (now identified as GREEN WAX CENTER, INC. GREEN WAX CENTER, INC. d/b/a UNI K WAX STUDIO ("Corporate Defendant")) JOHN

1

MARJI and CLIFF MARJI (the "Individual Defendants" and, together with the Corporate Defendant, "Defendants"),  and state as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA") that they are entitled to recover from Defendants: (1) unpaid overtime premium, (2) unpaid minimum wages, (3) unpaid regular and overtime wages resulting from unpaid off the clock work, (4) liquidated damages, and (5) attorney's fees and costs.

2. Plaintiff alleges, pursuant to the New York Labor Law ("NYLL"), that she is entitled to recover from Defendants: (1) unpaid wages due to time-shaving, (2) unpaid overtime compensation, (3) unpaid minimum wages, (4) improperly retained tips, (5) unpaid commissions, (6) unpaid spread of hours premiums, (7) statutory penalties for invalid wage notices and wage statements, (8) liquidated damages, and (9) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff CHELSEA COLOMBO is a resident of Dutchess County, New York. The Corporate Defendant ABC CORPORATION 1 now known to be GREEN WAX CENTER, INC. d/b/a UNI K WAX STUDIO is a corporation organized under the laws of the State of New York, with an address for service of process located at 3462 Carrollton Avenue, Wantagh, New York 11793, which operates a wax studio located at 665 Lexington Ave, New York, NY 10022.

6. Individual Defendants:

7. Individual Defendant JOHN MARJI is an owner of the Corporate Defendant, which operates a wax studio located at 665 Lexington Ave., New York, NY 10022. JOHN MARJI exercised control over the employment terms and conditions of Plaintiff those of FLSA Collective Plaintiffs and the Class. JOHN MARJI had and exercised the power and authority to (and also delegated to managers and supervisors the power to) fire and hire employees, determine the rate and method of pay, determine work schedules, maintain employment records, and otherwise affect the quality of employment of Plaintiff, those of FLSA Collective Plaintiffs, and Class members. JOHN MARJI exercised functional control over the business and financial operations of Corporate Defendant and had authority over all employee-related decisions including payroll, personnel, and wage and hour policies concerning Plaintiff, those of FLSA Collective Plaintiffs, and Class members.

8. Individual Defendant CLIFF MARJI is an owner of the Corporate Defendant, which operates a wax studio located at 665 Lexington Ave., New York, NY 10022. CLIFF MARJI exercised control over the employment terms and conditions of Plaintiff those of FLSA Collective Plaintiffs and the Class. CLIFF MARJI had and exercised the power and authority to (and also delegated to managers and supervisors the power to) fire and hire employees, determine the rate and method of pay, determine work schedules, maintain employment records, and otherwise affect the quality of employment of Plaintiff, those of FLSA Collective Plaintiffs, and Class members. CLIFF MARJI exercised functional control over the business and financial operations of Corporate Defendant and had authority over all employee-related decisions including payroll, personnel, and wage and hour policies concerning Plaintiff, those of FLSA Collective Plaintiffs, and Class members.

9. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the applicable New York laws and regulations.

10. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members were directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to nail technicians, waxers, aestheticians, receptionists and wax makers) employed by Defendants on or after the date that is six years before the filing of the initial State Court Complaint in this action, which was filed on or about September 27, 2019 (herein, "FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiffs and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper overtime wages for all hours worked over 40, and failure to pay for all hours worked due to time-shaving. The claims of Plaintiffs stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

13. Further, with respect to employees who were tipped employees (the "Tipped Subclass"), including all aestheticians, Defendants were not entitled to take any tip credits under the FLSA, or to compensate FLSA Collective Plaintiffs at sub-minimum wage base hourly rates, because they failed to satisfy all statutory requirements for taking a tip credit. Plaintiff CHELSEA COLOMBO is a member of the FLSA Collective and the Tipped Subclass.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiff CHELSEA COLOMBO brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including, but not limited to nail technicians, waxers, aestheticians, receptionists and wax makers) employed by Defendants on or after the date that is six years before the filing of the initial State Court Complaint in this action, which was filed on or about September 27, 2019 (the "Class Period").

16. All said persons, including Plaintiff CHELSEA COLOMBO are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, as the facts on which the calculation of that number depends are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised

of aestheticians ("Tipped Subclass") who also number more than forty (40). Plaintiff CHELSEA COLOMBO is a member of both the Class and the Tipped Subclass.

18. Plaintiff CHELSEA COLOMBO's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay proper wages, (ii) failing to pay overtime premium for hours worked in excess of forty (40) in a workweek, (iii) failing to pay wages due to time-shaving, (iv) failing to provide Class members with proper wage statements with every payment of wages, and (v) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the New York Labor Law.

19. Further, Defendants failed to pay Tipped Subclass Members the proper minimum wage because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the New York Labor Law. Plaintiff CHELSEA COLOMBO and the rest of the Tipped Subclass suffered from Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding two hours or 20% of the total hours worked each workweek, (iii) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period or the proper rate of overtime compensation, and (vi) failed to accurately keep track of daily tips earned and maintain records thereof.

20. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each

Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21. Plaintiff CHELSEA COLOMBO is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff CHELSEA COLOMBO is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided

by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including the following:

    a. Whether Defendants employed Plaintiff and Class members within the meaning of the New York Labor Law;

    b. What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the compensation of Plaintiff and Class members;

    c. At what common rates, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

    d. Whether Defendants paid Class members the proper minimum wage and overtime rate under the New York Labor Law;

    e. Whether Defendants paid Plaintiff and Class members wages in the lawful amount for all of their hours worked, pursuant to the New York Labor Law;

    f. Whether Defendants had a policy and practice of unlawfully retaining Plaintiff's and Class members' tips;

    g. Whether Defendants paid Plaintiff and Class members the commissions they earned;

    h. Whether Defendants paid Plaintiff and Class members the proper spread of hours premiums as required by the New York Labor Law;

    i. Whether Defendants provided proper wage statements to Plaintiff and Class members with all of the required information under the New York Labor Law;

    j. Whether Defendants maintained true and accurate payroll records as required by the New York Labor Law; and

    k. Whether Defendants provided a proper wage and pay rate notice to Plaintiff and Class members with all of the required information under the New York Labor Law.

## STATEMENT OF FACTS

25. In or around November 2014, Plaintiff CHELSEA COLOMBO was hired by Defendants to work as an esthetician for the Defendants at Uni K Wax Salon located at 665 Lexington Avenue, New York, New York 10022. Plaintiff worked for Defendants until in or around February 2015.

26. Throughout her employment, Plaintiff was paid a regular rate of $8.00 per hour.

27. In addition, upon hiring her, Defendants agreed to pay Plaintiff a commission equal to 10% of all services performed. However, Defendants failed to pay Plaintiff her commissions earned.

28. During her employment by Defendants, Plaintiff was consistently scheduled to work five days per week from 9:30 a.m. to 9:00 p.m., for a total of 57.5 hours per week. Thus, Plaintiff worked over forty (40) hours per week and over ten (10) hours per day.

29. However, Plaintiff was paid straight-time for all of her hours worked and was not paid any overtime premiums for her hours worked over forty each week.

30. In addition, Plaintiff was not paid any "spread of hours premiums" when her workdays exceeded ten hours.

31. FLSA Collective Plaintiffs and Class members worked similar hours and were paid in a similar manner.

32. Defendants implemented a punch clock for employees; however, Plaintiff was required to perform a substantial amount of work "off-the-clock." Plaintiff was required to begin work at 9:30 a.m. each day to start setting up, but Defendants always manually clocked her in at 10:00 a.m. Additionally, Plaintiff would be automatically clocked out at 9:00 p.m. However, Plaintiff was required to service clients well past 9:00 p.m. each day; on most workdays, Plaintiff would continue working until around 10:00 p.m.

33. During her employment, Plaintiff was not provided with any meal breaks. Rather, Plaintiff was required to service clients back to back throughout the day. At most, Plaintiff would be provided with a 10 to 15-minute break between clients. However, Defendants automatically deducted 30 minutes from Plaintiff's pay each day for a lunch break.

34. There was usually a 5 to 10-minute gap between clients. During the time between clients, Defendants required Plaintiff to clock out. However, Plaintiff was not permitted to leave the premises during this period. In addition, Plaintiff was often required to clean up and set up for the new client despite being clocked out. As a result, Plaintiff was clocked out for at least sixty (60) minutes a day, during which she was required to perform work.

35. Therefore, Plaintiff worked a total of at least three "off-the-clock" hours each day, or 15 hours per week which were entirely uncompensated. Class Members were similarly required to perform "off-the-clock" work.

36. During her employment, Plaintiff was not paid all of her tips earned.

37. During her employment, Plaintiff was paid by Defendants biweekly through check.

38. Plaintiff did not receive any paystubs from Defendants during her employment.

39. Plaintiff never received a wage notice from Defendants during her employment.

40. Further, Defendants failed to compensate Plaintiff for her last week of work altogether.

41. During her employment, Plaintiff regularly spoke with her coworkers about Defendants' pay policies and employment practices.

42. From conversations with her coworkers and personal observations, Plaintiff knows that other employees were, like herself, regularly scheduled to work and did in fact work more than 40 hours per week.

43. Plaintiff, FLSA Collective Plaintiffs, and Class Members regularly worked in excess of forty hours in a week, but Defendants willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, in violation of the New York Labor Law.

44. Plaintiff, FLSA Collective Plaintiffs, and Class Members regularly worked shifts lasting longer than ten hours. However, Defendants never paid them any spread of hours premiums as required by the New York Labor Law.

45. Defendants regularly failed to pay Plaintiff, FLSA Collective Plaintiffs, and Class Members all commission payments due to them.

46. At all relevant times, Defendants improperly retained tips earned by Plaintiff, FLSA Collective Plaintiffs, and Class Members.

47. Defendants knowingly and willfully failed to pay Plaintiff, FLSA Collective Plaintiffs, and Class members the New York State minimum wage.

48. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and Class members the New York State overtime rate of time-and-a-half.

49. Defendants knowingly and willfully operated their business with a policy of retaining tips from Plaintiff, FLSA Collective Plaintiffs, and Class members.

50. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and Class members the full commissions they earned.

51. Defendants knowingly and willfully failed to pay the New York State "spread of hours" premiums to Plaintiff, FLSA Collective Plaintiffs, and Class members when their workdays exceeded ten (10) hours.

52. Defendants knowingly and willfully failed to provide proper wage and pay rate notices to Plaintiff, FLSA Collective Plaintiffs, and Class members, in violation of New York Labor Law § 195(1).

53. At all relevant times, Defendants failed to maintain true and accurate payroll records for Plaintiff, FLSA Collective Plaintiffs, and Class members pursuant to New York Labor Law § 195(4).

54. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff, FLSA Collective Plaintiffs, and Class members with each wage payment, in violation of New York Labor Law § 195(3).

55. Plaintiff retained Lee Litigation Group, PLLC to represent herself, FLSA Collective Plaintiffs, and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

## COUNT I

## <u>VIOLATION OF THE FAIR LABOR STANDARDS ACT</u>

56. Plaintiff realleges and reaver Paragraphs 1 through 58 of this class and collective action Complaint as fully set forth herein.

57. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

58. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

59. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

60. At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and tipped FLSA Collective Plaintiffs for their hours worked. Defendants were also not entitled to claim any tip credits because they failed to satisfy the statutory requirements under the FLSA.

61. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

62. At all relevant times, Defendants willfully engaged in a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked due to time shaving.

63. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

64. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime wages, unpaid wages due to time shaving, plus an equal amount as liquidated damages.

65. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

66. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

67. Plaintiff realleges and reavers Paragraphs 1 through 69 of this Class Action Complaint as if fully set forth herein.

68. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

69. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times their regular rate of pay for each hour worked in excess of forty hours in a workweek.

70. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them at least the New York State minimum wage.

71. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay

them wages for all hours worked.

72. Defendants willfully violated Plaintiff's and Class members' rights by improperly retaining their tips.

73. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them all due commissions.

74. Plaintiff and Class members were regularly scheduled to work shifts lasting longer than ten hours. However, Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them "spread of hours" premiums for each workday that exceeded ten hours.

75. Defendants knowingly and willfully failed to provide a wage and pay rate notice to Plaintiff and Class members as required by New York Labor Law § 195(1).

76. Defendants failed to provide wage statements to Plaintiff and Class members per requirements of the New York Labor Law § 195(3).

77. Defendants knowingly and willfully failed to establish, maintain, and preserve true and accurate payroll records pursuant to New York Labor Law § 195(4).

78. Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unpaid wages due to time-shaving, improperly retained tips, unpaid commissions, unpaid spread of hours premiums, an equal amount as liquidated damages, damages for unreasonably delayed payments, statutory penalties, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to the New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the NYLL;

d. An award of unpaid minimum wages due under the FLSA and NYLL;

e. An award of unpaid wages caused by time shaving under the FLSA and NYLL;

f. An award of unpaid spread of hours premium due under the NYLL;

g. An award of unreimbursed uniform expenses due under the NYLL;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to proper wages pursuant to 29 U.S.C. § 216;

i. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to the New York Labor Law;

j. An award of prejudgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

l. Designation of this action as a class action pursuant to F.R.C.P. 23;

m. Designation of Plaintiffs as Representatives of the Class;

n. and such other and further relief as the Court deems necessary and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: March 9, 2020

                                           Respectfully submitted,

By: */s/ C.K. Lee*
      C.K. Lee, Esq.

      LEE LITIGATION GROUP, PLLC
      C.K. Lee (CL 4086)
      Anne Seelig (AS 3976)
      148 West 24th Street, 8th Floor
      New York, NY 10011
      Tel.: 212-465-1188
      Fax: 212-465-1181
      *Attorneys for Plaintiffs,*
      *FLSA Collective Plaintiffs and the Class*