UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHELSEA COLOMBO, on behalf of herself, FLSA Collective Plaintiffs and the Class,<br><br>Plaintiffs,<br><br>– against –<br><br>GREEN WAX CENTER, INC., d/b/a UNI K WAX STUDIO, JONATHAN MAGRI and CLIFFORD MAGRI,<br><br>Defendants. | Case No.: 19-cv-11015 (JMF) |

## **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

 

PERVEZ & REHMAN, P.C.

By: /s/ Nadia M. Pervez
Nadia M. Pervez, Esq.
Aneeba Rehman, Esq.
68 South Service Road, Suite 100
Melville, NY 11747
arehman@pervezrehman.com
(631) 427-0700
*Attorney for Defendants*

Dated:  October 8, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHELSEA COLOMBO, on behalf of herself, FLSA Collective Plaintiffs and the Class,<br><br>Plaintiffs,<br><br>– against –<br><br>GREEN WAX CENTER, INC., d/b/a UNI K WAX STUDIO, JONATHAN MAGRI and CLIFFORD MAGRI,<br><br>Defendants. | Case No.: 19-cv-11015 (JMF) |

**DEFEDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

This Memorandum of Law is respectfully submitted by Defendants GREEN WAX CENTER, INC., d/b/a UNI K WAX STUDIO (hereinafter referred to as "GWC"), JONATHAN MAGRI (hereinafter referred to as "JONATHAN")  and CLIFFORD MAGRI (hereinafter referred to as "CLIFFORD"), collectively referred to  as "DEFENDANTS," in support of their Motion to Dismiss the Second Amended Complaint pursuant to Fed. R. Civ. Pro. 12(b)(6).  This action arises under federal and state labor law by which Plaintiff is seeking compensation for alleged unpaid wages and overtime hours. Defendants seek dismissal because the Second Amended Complaint fails to assert a claim upon which relief can be granted, including being barred from maintaining her FLSA claims due to the statute of limitations set out in the Fair Labor Standards Act ("FLSA").

**STATEMENT OF FACTS**

Plaintiff CHELSEA COLOMBO (hereinafter "PLAINTIFF" or "COLOMBO") filed her original complaint in the Supreme Court, State of New York on September 27, 2019. *See* Exhibit 1, State Complaint. In her State Complaint, Plaintiff only included state causes of action

2

under New York Labor Law ("NYLL"). She alleged that she worked as an esthetician for the Uni K Wax Salon from November 2014 until in or around February 2015. Exhibit 1, ¶ 46. Presumably, at the time, Plaintiff was aware she only had state causes of actions under NYLL for any alleged wage violations. The case was originally filed against: UKW Holding Company, UKW Franchising Company, LLC, UKW Distribution Center, LLC, Wax Manufacturing LLC, NYC Waxing, LLC, Upper Westside Waxing, Inc., Upper Eastside Waxing, LLC, Bowery Waxing LLC, ABC Corporations 1-12, Ozzie Grupenmager, Noemi Grupenmager, John Marji and Cliff Marji. Counsel for Defendant not represented by the undersigned successfully removed to matter to Federal Court on the basis of Diversity Jurisdiction. *See* Docket Entry 1, filed on November 29, 2019. These Defendants moved to dismiss and Plaintiff agreed to voluntarily dismiss eleven (11) of the defendants from the action. *See* Docket Entries 10 and 22.

In the interim, Plaintiff sought to amend her complaint not once but multiple times. Following her original Complaint, Exhibit 1, filed on September 27, 2019, Plaintiff filed an Amended Complaint on March 10, 2020. *See* Exhibit 2, Amended Complaint. A modified version of the Amended Complaint was then filed on March 11, 2020. *See* Exhibit 3, modified Amended Complaint. Finally, on September 11, 2020, Plaintiff filed her Second Amended Complaint which is the topic of this motion. *See* Exhibit 4, Second Amended Complaint. The current Defendants who are represented by the undersigned are: Green Wax Studio Center, Inc. d/b/a Uni K Wax Studio, Johnathan Magri and Clifford Magri. In lieu of an Answer, Defendants GWS, Johnathan and Clifford file this motion to dismiss Plaintiff's FLSA claims for the reasons set forth herein.

While the more recent version of the pleading sought to make edits to the caption and parties, notably, the Amended Class and Collective Action Complaint filed on March 10, 2020 had a significant edit: Plaintiff added Count I which included a claim under the Fair Labor Standards Act ("FLSA"); a claim which was not included in the original State Complaint. *See* Exhibit 1 and Exhibit 2. This newly added cause of action is time barred by the statute of limitations under the FLSA.

In her Second Amended Complaint, Plaintiff alleges that she was employed by Defendants from in or around November 2014 until in or about February 2015; the same time period she alleged in her original pleading. *See* Exhibit 2, Second Amended Complaint, ¶ 28. *See also* Exhibit 1, ¶46. Plaintiff alleges throughout her Second Amended Complaint that she is a covered individual under the meaning of the FLSA. *See* Exhibit 2, Second Amended Complaint. However, by her own admissions, she ceased working for Defendants over approximately four and half years prior to filing her complaint. *Id.* It is well established that the FLSA coverage only extends to those claims that are within the statute of limitations of two years and if willful, three years. *See Parada v. Banco Indus. de Venez.*, 753 F.3d 62, 70 (2d Cir. 2014). Even affording Plaintiff best case scenario of a three-year statute of limitations, Plaintiff is far beyond the statute of limitations. The law is very clear and any and all causes of actions under the FLSA prior to February 2018 are time barred. Strikingly, Plaintiff's original state complaint was not even filed until a year and a half after the statute of limitations expired. It is apparent that the reason the initial complaint was not filed in federal court was because there was no viable federal claim. It was when the original defendants were granted diversity jurisdiction and removed to federal court did an FLSA cause of action appear. While one may

consider this a simple error, the fact that Plaintiff's state claims did not include FLSA allegations, it seems that Plaintiff was fully aware of this statute of limitations issue.

It is surprising that Plaintiff amended her original Complaint to now include a federal cause of action, which was not included at the state level, when these claims are so obviously outside the statute of limitations. This begs the question of whether Plaintiff believed that the granted diversity jurisdiction somehow created an opportunity for her add claims that were so clearly time barred.[1] Accordingly, Plaintiff's FLSA claims, including Count 1, ¶¶ 59-69, should be dismissed in their entirety as time barred.

It is worth noting that while on a call with attorney for Plaintiff on October 5, 2020 at 2 p.m., counsel for Defendants advised of its intention to make this motion and explained the reasons behind. To date, Plaintiff has refused to withdraw her FLSA claims and/or amend her Complaint. Based on the foregoing, Defendants should be awarded costs for having to make this motion for claims that should never have been included.

### STANDARD OF REVIEW UNDER FED. R. CIV. P. 12(b)(6)

Fed. R. Civ. P. §12(b)(6), dismissal is based upon a determination that the facts and legal basis alleged in the Complaint fail to make out a claim upon which relief may be granted. "To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In deciding a motion to dismiss, courts must "accept all

---

[1] It is important to note that once the prior Defendants were dismissed from the action voluntarily by Plaintiff, there was no longer any diversity jurisdiction. The federal forum is only available to Plaintiff based on her alleged federal FLSA claims \ and supplemental jurisdiction over the NYLL claims.

allegations in the complaint as true and draw all inferences in the non-moving party's favor." *L.C. v. LeFrak Org., Inc.*, 987 F. Supp. 2d 391, 398 (S.D.N.Y. 2013) (quoting *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009)). Therefore, the issue before the Court is not whether Plaintiff will prevail but whether Plaintiff is entitled to offer evidence to support her claims. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Of course, the Court "need not strain to find inferences that are favorable to the plaintiff, which are not apparent from the facts of the complaint, nor are courts required to accept legal conclusions alleged in pleaded facts." *Zeising v. Kelly*, 152 F.Supp.2d 335, 332 (S.D.N.Y 2001). Here, the facts- as pled by Plaintiff in all versions of her pleadings- demonstrate that she fails to state a claim upon which relief may be granted. "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014) (citing *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)); *Schwartz v. City of New York*, 2020 U.S. Dist. LEXIS 11516, at *3 (S.D.N.Y. Jan. 22, 2020).

## ARGUMENT

<u>Plaintiff's Cause of Action is Barred by the FLSA Statute of Limitations</u>

Plaintiff's FLSA claims are time barred by the FLSA statute of limitations. The statute of limitations under the FLSA is generally two years, but extends to three years for willful violations: "[E]very . . . action [to enforce a cause of action for overtime compensation under the FLSA] shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced

within three years after the cause of action accrued." 29 U.S.C. § 255(a). This Court has previously dismissed FLSA claims barred by the statute of limitations. *See, e.g.*, *Tarquino v. Muse Enters.*, 2020 U.S. Dist. LEXIS 120646, at *6 (S.D.N.Y. July 9, 2020); *Zhongwei Zhou v. Wu*, No. 14-cv-1775 (RJS), 2015 U.S. Dist. LEXIS 26411, at *9-10 (S.D.N.Y. Mar. 3, 2015).

Plaintiff filed her action on September 27, 2019. *See* Exhibit 1.  In that action, she did **not** allege FLSA violations.  It was not until the filing of the Amended Complaint Plaintiff asserted FLSA claims. *See* Exhibit 2. Thus, Plaintiff was fully aware at the time she initially filed that there were no FLSA claims that would necessitate filing in federal court.  Despite this knowledge, once the case was removed to Federal court, Plaintiff inappropriately asserted time barred claims.

If the Court, viewing the pleadings in a light most favorable to Plaintiff, awards the Plaintiff the benefit of a willful violation and a look back period of three years from the date of the filing of the original complaint on September 27, 2019, her claim will still fail.  For her FLSA claims to survive, Plaintiff would have had to work or be paid through September 27, 2016.  However, her last date of employment was in or around February 2015- a year and half after the statute of limitations passed. There was no tolling.

Thus, based on the four corners of the pleadings (Complaint, Amended Complaint, and Second Amended Complaint), Plaintiff's FLSA claims should be dismissed in their entirety. Defendants assert that dismissal is required for the aspects of Plaintiff's Complaint which improperly seek back pay, liquidated damages, penalties and attorneys' fees for any period under the FLSA.

**The Court Should Not Exercise Supplemental Jurisdiction**

The only claims remaining then are Counts II (allegations of violation of New York Labor Law ("NYLLL")) and Count III (allegations of violations of the New York City Fair Workweek Law ("NYLL 191")), which should be removed to state court. *See* Exhibit 4, Second Amended Complaint. "District courts may exercise 'supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" *Stewart v. Loring Estates LLC*, No. 18-CV-2283, 2020 U.S. Dist. LEXIS 33930, at *33 (E.D.N.Y. Feb. 26, 2020) (quoting 28 U.S.C. § 1367(a)). "However, the exercise of '[s]upplemental jurisdiction 'is a doctrine of discretion, not of plaintiff's right.'" *Stewart*, 2020 U.S. Dist. LEXIS 33930, at *33 (quoting *Heckmann v. Town of Hempstead*, 2013 U.S. Dist. LEXIS 48272, 2013 WL 1345250, at *2 (E.D.N.Y. Mar. 27, 2013) (internal citation omitted)). Therefore, "[a] district court usually should decline the exercise of supplemental jurisdiction when all federal claims have been dismissed at the pleading stage[.]" *Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006); *see also Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 118 (2d Cir. 2013) ("Once all federal claims have been dismissed, the balance of factors will usually point toward a declination." (internal alterations, quotations, and citation omitted)); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004) ("[A]s a general proposition, . . . if all federal claims are dismissed before trial . . . the state claims should be dismissed as well.") (internal quotation marks and citation omitted). "Here, the parties have not yet engaged in discovery and the case is at its very early stage. Therefore, considerations of judicial economy, convenience, fairness and comity advise against retaining supplemental jurisdiction over the state claims after having disposed of the FLSA claim." *Leger v. Kalitta*, No. 16-CV-6545 (PKC)(PK), 2018 U.S. Dist. LEXIS 14186, at *10 (E.D.N.Y. Jan. 26, 2018).

There is no other basis for the exercise of federal jurisdiction in this matter because the parties are residents of New York. There is no longer diversity jurisdiction. Accordingly, it is abundantly clear that the federal claims herein must be dismissed. For the reasons stated above, this Court should dismiss the federal causes of action because all of the purported federal claims fail to state a claim on which relief may be granted. Therefore, there is no basis on which this Court should exercise supplemental jurisdiction over any remaining state-law causes of action.

## CONCLUSION

In light of the forgoing, Defendants respectfully request the Court issue an Order: (a) a motion dismissing Plaintiff's FLSA claims; (2) refusing to exercise supplemental jurisdiction; (c) remand the case to state court; (d) award Defendants their costs and reasonable attorney's fees incurred herein; and (e) providing such other and further relief as the Court deems just and proper.

Dated: Melville, New York

October 8, 2020

PERVEZ & REHMAN, P.C.

/s/ Nadia M. Pervez
Nadia M. Pervez, Esq.
Aneeba Rehman, Esq.
68 South Service Road, Suite 100
Melville, NY 11747
arehman@pervezrehman.com
(631) 427-0700

*Attorney for Defendants*